*1841.*

*Varick*
*v.*
*Dodge.*

---

## VARICK vs. DODGE.

It is not a good plea to the jurisdiction of a vice chancellor, in a suit upon a creditor's bill, that the defendant was not a resident of the circuit at the time of the filing of the complainant's bill; where it appears that the judgment was recovered and the record filed in that circuit, and that the execution was issued and returned and filed there, and that the defendant resided there at the time such execution was issued.

THIS was an appeal from a decision of the vice chancellor of the fifth circuit, overruling a plea to the jurisdiction of the court. The suit was an ordinary creditor's bill, and the defendant was described in the bill as a resident of the fifth judicial circuit. The bill also showed the recovery of a judgment in the supreme court, which judgment was filed and docketed in the clerk's office at Utica; and that the execution was issued to the county

April 6.

1841.

Varick
v.
Dodge.

of Oneida, where the defendant resided, and was returned by the sheriff unsatisfied ; and that the execution, with such return thereon, was filed in the clerk's office of the supreme court in that county. The bill also contained the usual allegation that the defendant had property, or equitable interests or choses in action of the value of $100 or more, exclusive of all prior just claims thereon ; but without averring that such property, &c. was within the fifth circuit. To this bill the defendant pleaded that he did not, at the time of filing the complainant's bill, reside within the fifth circuit ; and that the jurisdiction of the case therefore belonged to the chancellor, or to the vice chancellor of the first circuit.

*W. C. Noyes,* for the appellant.

*J. H. Edmonds,* for the respondent.

THE CHANCELLOR. I think the vice chancellor of the fifth circuit had jurisdiction of this case, under the first subdivision of the second section of the title of the revised statutes relative to the court of chancery. (2 *R. S.* 168.) The statute gives the vice chancellor jurisdiction in three cases : 1st. Where the causes and matters have arisen within his circuit ; 2d. Where the subject matter of the suit is situated there ; and 3d. Where the defendants, or either of them, reside in that circuit. As the statute is in the disjunctive, if the cause of suit in a creditor's bill arose within the circuit of a vice chancellor, it is not necessary that the subject matter of the suit, the property and effects of the defendant which could not be reached by the execution at law, should be situated in that circuit, to enable the complainant to file his bill before such vice chancellor. The recovery of the judgment, and the issuing of the execution to the county of Oneida, and the return thereof by the sheriff unsatisfied, are the only causes of suit in this case which can be said to have *arisen* any where. And

these all having arisen in the fifth circuit the vice chancellor has jurisdiction of the case; even if the residence of the defendant in New-York constructively brings all his personal estate within the first circuit. In the case of *Bicknell* v. *Field and Southworth*, (8 *Paige's Rep.* 440,) where the complainant was arrested in the city of New-York in a suit upon a foreign judgment, which suit was alleged to be a proceeding contrary to equity, and a bill was filed for an injunction to restrain the proceedings in that suit, this court held that the cause of suit, if any, arose in the city of New-York, so as to give the vice chancellor of the first circuit jurisdiction; although upon the merits of that case, which were also before me upon the demurrer to the bill, I thought the suit could not be sustained any where.

In this case, if the copy of the bill furnished upon the appeal is correct, the complainants have made a slight mistake in the allegation as to the defendant's residence, by substituting the word *resides* for the word *resided*, so as to refer the residence of the defendant in Oneida county to the time of filing the bill, instead of the time of issuing the execution. That is a matter however which appears upon the face of the bill, and should therefore have been objected to by demurrer, or by the defendant's answer; and cannot be urged upon the argument of this plea to the jurisdiction of the court. (*Billing* v. *Flight*, 1 *Mad. Rep.* 230.) The plea being overruled, the complainant will be entitled to amend his bill in this respect, as a matter of course, under the 45th rule, within ten days after the order of the vice chancellor is affirmed.

The order appealed from is affirmed with costs; and the proceedings are remitted to the vice chancellor.