CLASSON *against* COOLEY.

The late court of chancery had power to amend a bill filed before a vice chancellor, after an order taking the bill as confessed against a defendant who had not appeared, in order to show right jurisdiction of the vice chancellor, and a decree therein would be regular against the defendant not appearing.

Accordingly, where a bill was exhibited before the vice chancellor of the second circuit, for the foreclosure of a mortgage upon lands lying in the first circuit, and one of the defendants whose residence was not stated resided in the second circuit, it was held that after taking the bill as confessed against him, an amendment might be made stating his residence, and a decree be made thereupon.

This was an action brought in the superior court of the city of New York to recover an undivided half of certain real estate in the city of New York. It was defended upon the ground that the plaintiff's title was subject to a mortgage given by one Kain to Henry Van Veelan: that such mortgage had been foreclosed in chancery before the late vice chancellor of the first circuit, and sold to the defendant by virtue of a decree made by that court. The cause was tried before Mr. Justice PAINE, in January, 1852. The following admissions were made which constituted all the evidence in the case:

1. That the plaintiff was originally seized in fee of the undivided half of the premises claimed, subject to the mortgage to Van Veelan.

2. That while residing in Westchester county he was made a defendant to the bill filed before the vice chancellor of the second circuit for the foreclosure of the mortgage, some of the other defendants in that suit residing in the city of New York.

3. That the bill as originally filed did not state the place of residence of the defendants therein named.

Classon *against* Cooley.

4. That it was taken as confessed against the plaintiff for want of an appearance by him.

5. That after it was taken as confessed as to him, it was amended by stating his residence in Westchester county, and that the proceedings were continued to a decree and sale without any notice to the plaintiff.

6. That the mortgaged premises were in the city of New York.

The defendant's counsel then moved for a dismissal of the complaint which was granted, and the judgment was affirmed at a general term of the court. The plaintiff thereupon appealed to this court.

*A. W. Classon, Jr.,* for appellant, insisted that the vice chancellor of the first circuit court had exclusive jurisdiction of the foreclosure suit. The plaintiff was not within the language of the statute limiting the jurisdiction of vice chancellors, a person proceeded against. There was no personal demand against him; the foreclosure was a proceeding *in rem.* The order taking the bill as confessed against the plaintiff in this action was void from want of jurisdiction conferred by the original bill. If the amendment after this order supplied the authority, the order fell by the fact of the amendment prejudicing the person against whom the void order was made. An amendment prejudicing a defendant avoids all former process. A new order to take the bill *pro confesso* was necessary. (1 *Bar. Ch. R.* 75.) But the whole foreclosure proceedings were a nullity. The bill filed gave the vice chancellor of the second circuit no jurisdiction. The vice chancellor's court is a special, limited, strictly inferior court, and the ground of its jurisdiction must appear on the face of the record. It appeared on the face of the record that there was no jurisdiction; therefore the proceedings were *coran non judice.* (1 *Hill,* 139.)

The amendment could not remedy the defect — it was a nullity upon a nullity. (4 *Sandford C. R.* 384.) An existing fact can not aid the record. The respondent relies upon and can not contradict it. (6 *Barbour Sup. C. R.* 617.)

*H. L. Riker*, for respondent.

Mason, J. — The plaintiff's right of recovery in this case rests solely upon the supposition that the vice chancellor of the second circuit had no jurisdiction to make the decree in the foreclosure suit of *Mary Van Veelan* v. *The Defendant and others.*

The defendant's title rests upon the validity of that decree. The simple question therefore to be determined is, whether the vice chancellor of the second circuit had jurisdiction in the foreclosure suit to make the decree and order of sale under which the defendant became a purchaser and acquired his title. The premises were situated in the first circuit, and the plaintiff in this suit who was a defendant in the foreclosure suit, resided in the second circuit. The jurisdiction of the vice chancellor rests upon the fact of the residence of the plaintiff, who was defendant in that suit in the second circuit.

As I read the statute, all that is required to give the vice chancellor jurisdiction concurrently with the chancellor, is, first, that the cause or matter which authorized the complainant to file a bill in chancery for the discovery or relief sought, must have arisen within the circuit of such vice chancellor; or secondly, the subject matter in controversy between the parties must be situated within that circuit at the time of the commencement of the suit; or thirdly, the defendants or parties proceeded against, or some of them, must be residents of such circuit at that time. (2 *R. S.* 168, § 2.) These classes of cases are distinct and separate, and whenever any one of the cases enumerated in the statute exists, the vice chancellor has

jurisdiction and may entertain the suit. It is useless to dis-
cuss the construction of a statute in a case where it seems to
me no rational doubt can exist; and besides the subject is
exhausted in the very elaborate opinion of the court
below, and with whose conclusions I am entirely satisfied.
This construction accords with the generally received opin-
ions of our courts and of the profession. (1 *Barb. Ch. R.*
189, 213, 216; 3 *Denio R.* 282; 3 *Comst. R.* 137; 4 *Sanf.
Ch. R.* 384; 9 *Paige R.* 150, 308; 8 *Paige R.* 443.)

The amendment of the bill stating the residence of the
plaintiff in this action and others of the defendants in the
second circuit, cured the defect in the bill. (9 *Paige R.*
150, 151; 3 *id.* 508.) And it would seem that the defect
in the original bill could only have been taken advantage
of by demurrer if Gleason had appeared, and that the court
would have allowed the bill to be amended in this respect,
by alleging the facts necessary to show jurisdiction. (9
*Paige,* 151; 3 *id.* 506, 508; *Cooper's Ple.* 5, 181.) At any
rate, there can be no doubt of the power of the court
to allow the amendment in this case, and whether the
authority of the court was improvidently exercised or
not we can not inquire in this suit. The court below
was right in holding that the vice chancellor of the
second circuit had jurisdiction of the foreclosure suit,
from the fact that the plaintiff in the action and several
others of the defendants in that suit resided within that
district at the time of the commencement of that suit, and
the defendant therefore acquired a perfect title as against
the plaintiff as a purchaser under that decree. The judg-
ment should be affirmed.

Judgment affirmed.