## MAHANEY a. PENMAN.

[*New York Superior Court : Special Term, October*, 1854.]

JURISDICTION OF THE SUPERIOR COURT.—JOINT LIABILITY UPON CONTRACT.

A defendant cannot appear in the New York Superior Court, under protest to the jurisdiction, based on a purely personal objection.

The proceedings authorized by the Code to be taken in suits brought against defendants jointly liable upon contract, may be taken in a suit brought upon a judgment rendered against defendants, jointly, upon a contract on which they were jointly liable.

Motion for a new trial.

The action was brought by Mahaney against three defendants, upon a judgment rendered in his favor against them in the State of Virginia. The grounds of the motion sufficiently appear in the opinion of the court.

*J. Livingston*, for plaintiff.

*B. Galbraith*, for defendant.

HOFFMAN, J., (with concurrence of OAKLEY, C. J. and DUER, J.)—On the 22d of April, 1850, the plaintiff recovered a judgment against the defendants, in a court, described as the

" Circuit Superior Court of Law and Chancery, for Frederick County, in the State of Virginia," for $800, with legal interest, until paid, and his costs.

The plaintiff avers in his complaint, that such court was a Court of Record of the State of Virginia ; that he is the owner of the judgment, and that the defendant is indebted to him the sum of $800, with interest, for which he prays judgment.

The defendant, Daniel Penman, by answer, reserves the right to object to the jurisdiction ; and, that the plaintiff shows no cause of action. He then, 1st, denies the recovery of the judgment in the court as alleged. 2d. He says that there was no such court known at the alleged time as the court described. 3d. That such described court was not a court of record. 4th. That there was not, at the time alleged, any such judgment of such court valid, in point of law, against the defendants, at the suit of the plaintiff. 5th. That the plaintiff was not the owner of such judgment in the complaint mentioned, nor does he sue as executor, administrator or trustee of an express trust, or by authority of any statute, enabling him to sue without joining the person for whose benefit he sues. 6th. That after the accruing of the cause of action, and before commencing this action, the plaintiff issued a writ of *fi. fa.*, under the seal of the said " Circuit Superior Court of Law and Chancery, for Frederick County, in the State of Virginia," directed to the sheriff of such county, who levied under the same upon goods and chattels of the defendants, and raised money enough to satisfy the said judgment. 7th. That at the commencement of this action, there was not the sum of $800, or any sum due to the plaintiff on such judgment.

The plaintiff, in his reply, denies the issuing of an execution ; avers that he is the owner of the judgment, and says, that the whole of the amount is due and owing to him.

The plaintiff produced at the trial a judgment record of the county court of Frederick, from which it appears that the present defendants were returned in custody, and acknowledged the action against them for $2,025 68 ; that the present plaintiff was plaintiff in such action ; that judgment was rendered for that sum, and execution issued to recover it, of

which there was no return.  The recovery of the judgment·
appears to be the 22d of April, 1850.

The defendants offered in evidence a deed of trust, dated
the 6th of April, 1850, executed by all the defendants, for the·
benefit of all their creditors, and offered to show that the judg--
ment was confessed after the execution of such deed and dis-
solution of the firm.

The judge rejected the evidence.

The defendants also offered a copy of an opinion of the
presiding judge of the circuit court in the county of Frederick,
wherein the present plaintiff and the present defendants were
parties, in which the judgment confessed was declared void.
This evidence was also rejected.

A case was made with liberty to turn the same into a bill
of exceptions.

It does not appear from the case whether all the defendants
were served in this action.  There is only an answer of one of
them (Daniel Penman) served, although the reply is to the
answer of Penman and Thompson.

The cases cited in the Court of Appeals, (Frees *v.* Ford, 2
*Selden,* 176 ; and Clason *v.* Corley, *Selden's Notes,* 31,) if ap-
parently inconsistent in some of the language used, are recon-
cilable upon the facts.  The latter case came from this court,
to which it was sent by the Supreme Court, and is reported in
3 *Sand.* 454.  At page 456 the effect of the amendment
showing the residence of the defendant, so as to exhibit juris-
diction after the original bill had been taken as confessed, is
discussed by the court ; and the ground there taken is affirmed
in the Court of Appeals.

The possession of jurisdiction did appear on the record.

The position in Frees *v.* Ford is therefore unaffected, and
the jurisdiction of this court must appear on the record.  It
does so appear when it appears that one of several parties
jointly liable on contract has been personally served with pro-
cess, or resides within the city of New York, or where all the
defendants, without regard to the nature of the action, reside,
or are served within the city.

Not one of these grounds of jurisdiction expressly appears
on this record.  Nothing tending to prove jurisdiction is shown,

unless the voluntary appearance and answer of Daniel Penman, claiming, at the same time, the benefit of the objection, is sufficient.

There are then two questions—*First*. Is such an appearance and answer an implication of his residence or of his being personally served within the city or of a consent to jurisdiction? *Next*. Is he one of several defendants jointly liable on contract?

I. In Burckle *v.* Eckhardt, 3 *Comst.*, 132, the Court of Appeals held that where a bill was filed against persons not residing within the circuit of a vice chancellor, and the residence elsewhere appeared on the face of the bill, his voluntary appearance by a solicitor did not give jurisdiction, and his allowing the bill to be taken as confessed, did not bind him. "The residence within the circuit was a jurisdictional fact which must exist before the court can act at all, either by issuing processes or accepting the appearance of a defendant. It is necessary to give jurisdiction of the cause, not of the person. In such case there can be no waiver. The want of jurisdiction appears on the record. (Per Gardiner, Justice.)

Upon this point, the case of Bucknell *v.* Field and another, 8 *Paige*, 442, deserves much attention. A judgment had been recovered by the defendants against the complainant and one Stevens, in a court in the State of Massachusetts. An action of debt on judgment was commenced in the Supreme Court of this State by the defendants against the plaintiff. The bill was to restrain the prosecution of such action upon certain alleged equitable grounds. It was filed before the vice chancellor of the first circuit, neither of the defendants residing in such circuit, but one in Westchester county and the other out of the State. The chancellor held that the subject matter having no locality, the question depended upon the fact whether the suit instituted in the Supreme Court was a cause or matter of action arising within the first circuit. If a bill could have been sustained before such suit was commenced, it was evident that the vice chancellor had no jurisdiction. He inclined to the opinion that he possessed it on the ground of such suit in the Supreme Court. (See 9 *Paige*, 151.)

The case of Burckle *v.* Eckhardt was decided in December,

1849, and in April, 1851, the 139th section of the Code was amended by adding to it the following clause : " A voluntary appearance of a defendant is equivalent to personal service of a summons upon him."

In Granger *v.* Swartz, (11 *Legal Obs.* 346,) in this court, the learned justice says, that the voluntary appearance of defendants under this section has the same effect as a service of a summons on them upon the day of appearance would have had. The clause referred to takes away, then, the right to appear with a reservation of an objection to jurisdiction when such objection is purely personal. The defendant here cannot appear with protest, and now say that the record does not show that he was a resident or was served personally.

II. Another question then remains—Is he jointly liable with the other defendants on contract ?

The case of Bealey *v.* Palmer, (1 *Hill*, 482), is referred to. Proceedings were taken by attachment under the absent debtor's act. The attachment was against the property of three persons who had been originally indebted on a joint and several promissory note, on which they had been sued in Indiana. One of them only was arrested, and judgment given against him alone. His property was attached in this state.

It was held that the remedy did not extend to attachment on a judgment in another state; the third section (1 *Rev. Stats.* 765, 2d ed.) extending only to judgments obtained here. And next that the party could not go behind the judgment and put the case under the final section which covered a debtor on contract. The judgment extinguished the simple contract debt, as to the defendant arrested.

But the arrest in that case was only of one of the parties jointly liable, and the judgment was against him alone. As to him the joint contract was gone and a separate liability was established upon the judgment. Here the original joint liability upon contract is continued in a joint liability on judgment. And I think that under a fair construction of the Code, this may be treated as still a joint liability on contract.

As to the other points raised on the bill of exceptions, I do not think a doubt can be entertained that the ruling of the judge was correct.

Motion for a new trial denied.