## SUPERIOR COURT.

### PORTER and others agt. LORD & DOUGHERTY.

In all actions, of which the superior court has jurisdiction by sub. 1 of § 33 of the Code, and in an action against several persons jointly liable on contract, when one of them resides in the city of New-York, the summons may be served in any county of the state, and the service will be valid.

It is only in those actions, of which jurisdiction is acquired by the fact of personal service of the summons on all the defendants within the city of New-York, that service of the summons out of the county of New-York is unauthorized and invalid.

*Special Term, December,* 1856.

THE defendants are sued as joint debtors. The defendant Lord resides, and was served with a copy of the summons and complaint, in the city and county of New-York. The defendant Dougherty resides, and was subsequently served, in Brooklyn with the summons and complaint. Dougherty now moves to set aside such service, on the ground that this court has no jurisdiction as to him, and can acquire none, except by a service of the summons within the city and county of New-York, or by his voluntary appearance in the action.

JAS. S. SANDFORD, *for plaintiffs.*
PHILIP HAMILTON, *for defendant Dougherty.*

BOSWORTH, Justice. This court has jurisdiction of the actions mentioned in §§ 123 and 124 of the Code, without reference to the *residence* of the parties. (*Code*, § 33, *sub.* 1.)

Its jurisdiction of certain other actions depends upon the fact of the residence of all the defendants, or of the service of the summons upon all of them personally within the city of New-York. If one of several defendants jointly liable on contract *resides*, or is personally served with the summons, in that city, this court has jurisdiction of that action.

When it has jurisdiction of the action by reason of the residence of one of such defendants, or the service of a summons upon him personally within the city, can it acquire jurisdiction of the person of the other defendants by a service of the summons upon them personally in any county of the state other than the city and county of New-York?

The Code is divided into two parts. (§ 8.) The second part is distributed into fifteen titles. The last eleven relate to actions in the superior court, as well as to those in the supreme court. The fifth title of the second part contains the provisions which prescribe the manner of commencing civil actions. They shall be commenced by the service of a summons. (§ 127.) The summons may be served by the sheriff of the county where the defendant may be found, or by any person not a party to the action. (§ 133.) These sections are made to relate to the superior court by the express provisions of § 8.

These sections, and subdivision 2 of § 33, are in harmony with each other.

If the action be one which, by §§ 123 and 124, must be tried in this city, then the legislature has enacted that the plaintiff may commence it in the supreme court, or in the superior court, or in the common pleas. In such a case, the summons from either court may be served in any part of the state.

If all the defendants reside in this city, the same course may be pursued.

If one of several persons jointly liable on contract resides in the city, that fact alone is made the ground of jurisdiction. If no one of the defendants resides in this city, then service within

the city is made indispensable to the acquisition of jurisdiction. If the action be such that a plaintiff may proceed in it after service has been made upon one, such service is sufficient to give full jurisdiction of the action. In other cases, the service must be made on all the defendants within the city.

The rule, then, briefly expressed, is this : When the action must be tried in this city, because it is one of those mentioned in §§ 123 and 124, or when all the defendants reside in this city, or when one of several defendants jointly liable on contract resides in the city, this court has jurisdiction of the action, and the defendants may be served with the summons in any county of the state.

Any other construction would lead to an absurdity. Actions for the partition of real property, and for the foreclosure of a mortgage of real property situated in this city, must be tried within it—being actions which are enumerated in § 123. This court has jurisdiction of them. The mortgagor and incumbrancers, who are necessary parties, may reside in Kings and Westchester, or in other counties of this state. If this court cannot proceed in the action until all the necessary parties have been served with the summons within this city, the fact that it has jurisdiction would in many, if not in most of such cases, be a matter of no practical utility.

Of actions of which this court and the common pleas have jurisdiction, either for the reason that the cause of action has arisen, or the subject of the action is situated within this city, such jurisdiction was conferred to enable them to aid the supreme court in transacting business which the latter, nor either of these courts could alone perform. The law which provides by what means the supreme court shall acquire jurisdiction of the parties to such actions, declares that this court may employ the same means to effect the same end. The only law which provides that a summons may be served, and how, and where, and by whom it may be served, expressly declares, that § 127 shall apply to this court with the same force, in all respects, as to the supreme court. The Code, when it gave jurisdiction to this court, to be exercised concurrently with that possessed by

the supreme court in the same cases, enacted, by provisions which, in terms, are as applicable to the one court as to the other, that the summons might be served on the defendants in any county of the state, except in a few enumerated cases.

If a valid service of the summons, when the action is in this court, can in no case be made in any county other than the county of New-York, then the provision which makes, in certain cases, service within the city essential to acquiring jurisdiction, is simply absurd. In some actions, all the defendants must be so served, or the court will have no jurisdiction. In others, it is enough that one of several defendants is so served. In other cases, it is enough that one of several defendants resides within the city. In others, it is essential that all of the defendants reside within the city—that is, only essential when jurisdiction depends on residence alone. In others, it is of no consequence where any of the defendants reside.

The fact that service within the city is required in certain cases, of course implies that in other cases it may be made out of the city. Section 133, gives the general rule. That authorizes service of the summons in any county in which the defendant may be found. That general rule is, by § 33, so modified, as to certain local courts, as to require that in certain actions the summons must be served within the cities in which these courts respectively sit. That is the only modification of the general right to serve it in any county. I think it is quite clear that the service made on Dougherty is regular and valid.

Persons residing out of the city are not, by this construction of the Code, subjected to inconveniences, which they would not suffer if sued in the supreme court in the first district.

That court may remove into it, by order, any action commenced in this court, and may change the place of trial, unless the action be one which, by §§ 123 and 124, is required to be tried in the city and county of New-York.

If it must be tried in this city—or if all the defendants reside here—or if, in an action like the present, one of the defendants resides in the city—the legislature has authorized suitors to bring their actions in the supreme court, in this court,

or in the common pleas, at their election.    It has given to each court the same power and means, in such actions, to acquire jurisdiction of the parties.    And inasmuch as this court has jurisdiction of this action, merely by reason of the *residence* of Mr. Lord within the city, the service of the summons made on Mr. Dougherty in Kings county, was regular and valid.

The motion must be denied.

[This decision was approved, on consultation, by all the justices.]