Robinson, J.
The complaint alleges the execution of a mortgage by plaintiff to defendant, dated November 11, 1869, on property in New York city, duly recorded, to secure their bond conditioned for the payment <of ninety-five hundred dollars and interest; to wit, forty-five hundred dollars on November 11, 1870, and five thousand dollars on November 11, 1871; that they paid forty-five hundred dollars on December 16, 1871, “ on accountand on November 11, 1871, tendered the defendant (the mortgagee) fifty-nine hundred dollars, as and for the whole balance due “ and costs and charges attaching thereto,” and requested a discharge of the record of said mortgage, which being refused, this suit is instituted to remove the cloud upon the title, created by the ostensible lien of the mortgage.
Upon the face of this complaint it appears, the bond was conditioned for the payment of ninety-five hundred dollars and interest from November 11, 1869,' by means of which there was due December 16, 1870 (although not yet wholly payable, according to the alleged terms of the bond), that principal sum, and seven hundred and twenty-nine dollars and sixty-five cents interest, making together ten thousand two hundred *337 and twenty-nine dollars and sixty-five cents, when, forty-five hundred dollars being paid “on account,” there remained due, a balance of five thousand seven hundred and twenty-nine dollars and sixty-five cents, interest on which to November 11, 1871, was three hundred and sixty-two dollars and eight cents, making then due for principal and interest the sum of six thousand and ninety dollars and seventy-three cents, and the alleged tender of fifty-nine hundred dollars then made, was insufficient to satisfy the amount by one hundred and ninety dollars and seventy-three cents.
The averment that fifty-nine hundred dollars “ was the whole sum secured to be paid by said mortgage,- and all interest thereon and costs and charges attaching thereto,” in the absence of any general or particular specification of any other payment of principal or interest, or of any other circumstance by which the apparent amount due had become reduced to the amount, is a mere statement of a legal conclusion, unwarranted by the premises stated. On the face of the complaint, no substantial reason is assigned for calling on the court to decree a satisfaction of the record of the mortgage without payment of the full amount payable according to the terms of the bond, nor does it present facts sufficient to constitute any cause of action. However defective may be any of the defenses, they are not liable to demurrer, while the pleading which they assume to answer is radically insufficient to call for any defense whatever. But second.
From the statements made in the third, fourth and sixth defenses, it is disclosed that these plaintiffs appeared in the action in the supreme court commenced by the present defendant to foreclose the mortgage in question, and made and appeared on repeated motions therein affecting the merits ; they first made a motion to vacate a judgment for foreclosure and sale, *338 which the plaintiff therein (the present defendant), had irregularly obtained against them on service of summons by order of publication, and service of summons and complaint upon them personally in Connecticut, and on such motion they obtained a decision in their favor, setting aside all the proceedings of the plaintiff therein, subsequent to the service of the summons ; that they subsequently made a motion in the action for a stay of proceedings (under the provisions of 2 Rev. Stat., 192, § 161), upon their paying the interest on the bond and mortgage, with the costs and disbursements of the plaintiff therein, and for leave to answer the complaint, which motion was denied; that subsequently another decree of foreclosure and sale was made in that action for satisfaction of part of the mortgage debt; and that afterwards a further order or decree was made therein under the provisions of 2 Rev. Stat., 193, § 164, upon the hearing of which these plaintiffs appeared and made opposition; that several appeals taken by the respective parties in that action (parties to the present one), are still pending and undetermined. From these statements it is evident the present plaintiffs (notwithstanding any possible objection which they might have urged against the jurisdiction obtained over them personally, from defect in the affidavit submitted to the court under section 135 of the Code, under which the order of publication was obtained), have nevertheless submitted themselves fully to the jurisdiction of the supreme court in that action, and that their rights are still subjudice, either in that court or upon the appeals taken from its order, still pending and undetermined.
That court had jurisdiction of the subject matter (foreclosure of a mortgage on real estate in the city of Hew York), and any defect in the proceeding, to bring the plaintiffs into court, was waived by their voluntary appearance in the action (Mahaney v. Penman, 1 Abb. Pr., 34; Higgins v. Rockwell, 2 Duer, 650; Ballard v. *339 Burrowes, 2 Robt., 206). Such appearance was not specially to protest against the jurisdiction nor in proceedings instituted to vacate or set aside any order, judgment or service of process or any other action of the court or its officers to their prejudice, had or taken in the absence of such jurisdiotion (Malcolm v. Rogers, 1 Cow., 1; Seymour v. Judd, 2 N. Y. [2 Comst.], 464); but their appearances before the court were in matters involving the merits of the controversy, and constituted a complete submission to its general jurisdiction (Cooley v. Lawrence, 5 Duer, 605-610; Sullivan v. Frazee, 4 Robt., 16, 621).
As to the fifth defense, were it not that the complaint stated no facts sufficient to constitute a cause of action, it would constitute no defense to a proper action to remove a cloud upon the title, for the reason assigned, that after a tender by the mortgagor of the amount due and suit brought he had conveyed away the land with full covenants of warranty. The right of action in said case was complete when the action was commenced ; he remained after conveyance with such covenants the primary party in interest, in the removal of the cloud on the title. The objection, at most, was one referring to the necessity of bringing in the grantee as a party proper to a complete determination of the controversy rather than as a bar. or matter of complete defense, especially as- it occurred after suit brought and before answer. . .
Under these views I do not consider it necessary to discuss the question as to the sufficiency of the affidavit presented in the foreclosure suit, and upon which the order for publication as against these plaintiffs (defendants therein) was granted, or whether it contained sufficient proof to confer upon the court jurisdiction to grant that order.
Though it failed to state what ineffectual efforts had been made within this State to serve the summons, it *340 nevertheless showed that the defendants (plaintiffs in this action), were absent and resided in the State of Connecticut, and it may well be questioned whether, absence did not excuse any such futile “ efforts,” and whether this objection under the proof presented is jurisdictional, or at most, matter of irregularity that ought to have been objected to and corrected in the action (Peak v. Cook, 41 Barb., 517; Wells v. Thornton, 45 Id., 390; Waffle v. Goble, 53 Id., 517).
The several demurrers to the several defenses, however, for the reasons above stated, are overruled, and judgment ordered for the defendant.