HENRY M. WHITEHEAD *against* HANNAH KENNEDY, Impleaded.

(Decided December 4th, 1876.)

In an action against two joint obligors, *e. g.*, two sureties on an undertaking on appeal, where one of them resides in the city of New York, and is served with the summons and complaint here, this court acquires jurisdiction of the action, and the other joint obligor may be served with process in any part of the State.

APPEAL by the defendant Hannah Kennedy, who was impleaded with David T. Kennedy, from an order made by Judge VAN BRUNT directing judgment on her answer as frivolous.

The action was brought against the defendants Hannah Kennedy and David T. Kennedy, on an undertaking executed by them jointly to secure a stay of execution pending an appeal to the general term, in an action in the Supreme Court by Henry M. Whitehead against Andrew Kennedy and another, in which Whitehead had obtained judgment for $13,849 54. In this undertaking, which was set out in the complaint, the defendant Hannah Kennedy was described as being " of White Plains, in the county of Westchester, and State of New York," and the defendant David T. Kennedy was described as being " of No. 153 East 36th street, of the city, county, and State of New York."

The defendant Hannah Kennedy answered separately, and set up as a defense :

Whitehead v. Kennedy.

"*First.* That this defendant, at the time of the commencement of this action, did not reside in the city and county of New York, and does not now reside in said city or county, but that she does now reside, and has for many years past continuously resided in the village of White Plains, in the county of Westchester and State of New York; and she further says, upon information and belief, that at the time of the commencement of this action, neither the plaintiff or the other defendant, David T. Kennedy, resided in the city or county of New York.

"*Second.* That the summons and a copy of the complaint in this action was served upon this defendant at her residence in White Plains aforesaid, and not in the city or county of New York; and she avers and alleges that this court has no jurisdiction of the person of this defendant, or of the subject of the action."

The plaintiff, upon the pleadings and an affidavit showing that the summons and complaint in the action had been served on the defendant David T. Kennedy, at the city of New York, previous to the service of the process upon the defendant answering, moved for judgment.

*Samuel J. Glassey,* for appellant.

*Daniel J. Holden,* for respondent.

By THE COURT.*—The answer of the defendant Hannah Kennedy sets up as a plea to the jurisdiction of the court, that neither at the commencement of the action, nor at the time of putting in the answer, did she reside in the city and county of New York, but resided in the county of Westchester, where she was served with the summons and complaint in the action. The summons and complaint had been *previously* served on David T. Kennedy, in the city of New York, where he then resided. The court acquired jurisdic-

---

* Present CHARLES P. DALY, Ch. J., and JOSEPH F. DALY and VAN HOESEN, JJ.

tion of the action from the fact that David T. Kennedy, one of the joint obligors sued, resided in this city; and having so acquired jurisdiction, the other joint obligor might be served with the summons in any other county of the State (*Porter* v. *Lord,* 13 How. Pr. 254; *Bates* v. *Reynolds,* 7 Bos. 685).

These were cases in the Superior Court of the city of New York; but as the jurisdiction conferred on that court and the Court of Common Pleas is identical, the authorities apply to both courts (Code, § 33).

The jurisdiction so acquired seems to be general and not local in its nature, and appears to be opposed to the views and the decisions in *Landers* v. *Staten Island R. R. Co.* (53 N. Y. 450), and *Hoag* v. *Lamont* (60 N. Y. 96); but such is really not the case. Those decisions directly affect jurisdiction attempted to be conferred by the legislature of the State subsequent to the adoption of the amendment to the judiciary article of the Constitution of this State, on November 2, 1869 (Const. art. 6, § 12; L. 1870, ch. 470; L. 1871, ch. 282; L. 1873, ch. 239).

The jurisdiction exercised by this court was derived from the Code (§ 33), conferred by the legislature long before the adoption of the amended judiciary article of the Constitution, which article expressly continued this court "with the powers and jurisdiction" it then possessed. In so far, then, as the jurisdiction of this court is extra-territorial by legislation before the constitutional confirmation above quoted, it is unaffected by the authorities cited.

The plea was frivolous, and the order should be affirmed.

Order affirmed.